| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:24-CR-00022** |
| | ) | |
| **BRYCE CLEVELAND** | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO RE-OPEN DETENTION HEARING

This matter is before the Court on Bryce Cleveland's Motion to Re-Open Detention Hearing, filed on December 3, 2025 (the "Motion"). ECF No. 19. Cleveland acknowledges that he was detained following a hearing in the arresting district, the Southern District of Florida, but maintains "information exists that was not made available to the Court at the time of the original detention hearing." *Id.* at 1. He submits that "[a]ll parties are available for a hearing on this matter Tuesday, December 9, 2025, at 10:00 a.m.," when Cleveland's initial appearance in this district before The Honorable Magistrate Judge Pamela Meade Sargent had been scheduled. *Id.* at 3; ECF No. 16. A hearing on the Motion has since been scheduled before Judge Sargent also at this date and time. ECF No. 20. Cleveland is therefore asking for the charging district's magistrate judge to "re-open the detention hearing." ECF No. 19 at 1.

However, the Bail Reform Act—which governs detention determinations—forecloses Cleveland's request. To reopen the detention hearing, Cleveland must move The Honorable Magistrate Judge Patrick M. Hunt of the Southern District of Florica—who

ordered Cleveland detained—to reopen that court's detention determination. *See* ECF No. 13-2. He lacks recourse before Judge Sargent. And even if Judge Sargent could provide the relief Cleveland seeks, Cleveland fails to satisfy the standard to reopen a detention hearing. Accordingly, the Motion should be denied.

## I.    Background.

On July 24, 2024, a grand jury sitting in Abingdon, Virginia, returned a 34-count indictment against Cleveland, charging him various mail fraud, wire fraud, and Food, Drug and Cosmetic Act (FDCA) offenses. The offenses arise out of Cleveland's conduct surrounding Scalpa, Inc. ("Scalpa"), of which Cleveland was President/CEO. As alleged in the Indictment, Scalpa was a for-profit corporation incorporated in Arizona, and several of the offenses involve shipments of devices from Arizona to the Western District of Virginia. During the time of the alleged conduct—2018 through 2020—Cleveland resided in Arizona. *Compare* ECF No. 3 at 4, *with* ECF No. 15 at 3.

But Cleveland was not arrested in Arizona. And he was not found in the United States. Over a year after the grand jury's return of the indictment, and based on law enforcement's efforts, Cleveland was finally apprehended in Colombia. Cleveland was thereafter arrested on this Court's outstanding arrest warrant in the Southern District of Florida on October 25, 2025. ECF No. 10.

Consistent with Federal Rule of Criminal Procedure 5(c)(2), Cleveland appeared before Judge Hunt in the Southern District of Florida, the arresting district, on October 27, 2025. Case No. 0:25mj6616, ECF No. 4 (S.D. Fla.). The United States moved for

detention, and on Cleveland's motion, the hearing was continued until October 30, 2025. Case No. 0:25mj6616, ECF Nos. 7, 9, 13 (S.D. Fla.).

Judge Hunt conducted a detention hearing under 18 U.S.C. § 3142(f), and ordered Cleveland detained pending trial because "no condition or combination of conditions will reasonably assure the Defendant's appearance at trial." ECF No. 13-2 at 1. Specifically, Judge Hunt found the Government had met its burden that Cleveland was a serious risk of flight given (1) he was aware he was under criminal investigation in the Western District of Virginia when he traveled to and remained in Colombia, (2) he faced significant prison time if convicted, (3) his apparent involvement in other fraud schemes while in Colombia, and (4) his alleged access to significant hidden assets. *Id.* at 4. Judge Hunt further ordered that Cleveland be committed to this district. ECF No. 13-3.

Cleveland is scheduled to appear before Judge Sargent on December 9, 2025, for his initial appearance in this district and arraignment on the indictment. Cleveland now moves for Judge Sargent to reopen Judge Hunt's detention determination at that December 9 hearing.

## II.     Legal Standard.

A detention hearing must be held "upon motion of the attorney for the Government . . . in a case that involves . . . a serious risk that such person will flee" to determine whether there is any condition or combination thereof that "will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(A). Following such a hearing, the determination may be reviewed or reopened—but with certain limitations. "If a person is ordered detained by a magistrate

judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. 3145(b). Review of a detention order under § 3145(b) is conducted by the *district* judge. *See United v. Goforth*, 546 F.3d 712, 714 n.2 (4th Cir. 2008) ("§ 3145(a) and (b) deal with district judge review of magistrate judges' release and detention orders . . . .").

A detention hearing may also "be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on whether there are conditions that will reasonably assure the person's appearance and the safety of the community. 18 U.S.C. § 3142(f). Courts have held that this statutory provision "provides for the reconsideration of a detention order only by the *same* judicial officer that conducted the original detention hearing . . . ." *See, e.g.*, *United States v. Manley*, 659 F. Supp. 3d 15, 19 (D.D.C. 2023) (quoting *United States v. Cannon*, 711 F. Supp. 2d 602, 606 (E.D. Va. 2010)).

## III. Discussion.

In this case, Cleveland is not seeking review of Judge Hunt's detention order by the district judge in this district. He is instead asking for relief under § 3142(f) and for Judge Sargent to reopen Judge Hunt's detention order. But Cleveland's motion to reopen the detention hearing before Judge Sargent is before the wrong forum. Relief under § 3142(f) may only be provided by the judicial officer who conducted the original hearing—that is,

Judge Hunt. *See, e.g.*, *Manley*, 659 F. Supp. 3d at 19. Accordingly, Cleveland must move Judge Hunt in the Southern District of Florida to reopen his detention hearing.

Moreover, even if Judge Sargent could reopen Judge Hunt's detention order, Cleveland has failed to satisfy the requisite standard—that is, "that information exists that was not known to the *movant* at the time of the hearing." § 3142(f) (emphasis added). In the Motion, Cleveland invokes an incorrect standard—instead claiming that "information exists that was not made available to the *Court* at the time of the original detention hearing." ECF No. 19 at 1 (emphasis added); *see also id.* at 3. This alleged new evidence— that Cleveland's parents are willing to serve as third-party custodians and will testify as such—was certainly available to Cleveland, the movant, at the time of his detention hearing in Florida. Cleveland declined to utilize it. Cleveland's proposed standard would permit a defendant to continually and volitionally withhold information at a detention hearing so he could repeatedly get another bite at the apple. The Bail Reform Act forecloses such manipulation of the judicial system.

Further still, even accepting Cleveland's standard, Judge Hunt was clearly aware that Cleveland's parents could serve as third-party custodians, as the pretrial services report provides Cleveland was "able" to return to his mother's home, his mother owned the home fere and clear, and there were no firearms, dangerous weapons, or animals reported at the home. ECF No. 15. Cleveland's parent's willingness to serve as custodians is not new information. Ultimately, Judge Hunt's order details that he considered whether there was any condition or combination thereof that could reasonably assure Cleveland's appearance, and found there were none. ECF No. 13-2 at 1, 4.

For these reasons, the United States respectfully submits that the Motion should be denied because it was improperly brought before Judge Sargent instead of Judge Hunt. In the alternative, the Motion should be denied because it fails to satisfy the requisite standard to reopen a detention hearing.

Respectfully submitted,

ROBERT N. TRACCI
Acting United States Attorney

s/ Corey Hall
Corey Hall
Virginia Bar No. 94782
Assistant United States Attorney
U.S. Attorney's Office
180 West Main Street, Suite B19
Abingdon, Virginia 24210
(276) 628-4161
(276) 628-7399 (Fax)
USAVAW.ECFAbingdon@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy to the counsel of record.

s/ Corey Hall
Assistant United States Attorney