CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

January, 29, 2026

LAURA A. AUSTIN, CLERK
BY:s/ KELLY BROWN
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | )     **Case No. 1:24-cr-00022** |
| | ) |
| **BRYCE CLEVELAND** | ) |

## OPINION AND ORDER

Defendant Bryce Cleveland moves this court to vacate Magistrate Judge Patrick Hunt's detention order pursuant to 18 U.S.C. § 3145(b), *see* Dkt. 13-2, and order Cleveland released from custody. Dkt. 31.

A hearing was held on December 18, 2025, at which time I denied Cleveland's motion and ordered Cleveland to remain detained pending trial. This Opinion and Order memorializes the basis for that ruling.

### I. BACKGROUND

On October 30, 2025, Magistrate Judge Patrick M. Hunt of the Southern District of Florida ordered Cleveland detained pending trial, finding that no condition or combination of conditions will reasonably assure Cleveland's appearance at trial. I have reviewed the evidentiary record from the Southern District of Florida, including the detention order and detention hearing transcript, and adopt the factual findings made by Judge Hunt. Additional evidence was received at the hearing on December 18, 2025.

### II. STANDARD OF REVIEW

When a magistrate judge orders the detention of a criminal defendant, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district court reviews the original detention

order *de novo*. *See United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001). The question becomes whether the evidence as a whole supports the conclusions of the proceedings below. *Id.*

The court must determine "whether any condition or combination of conditions set forth in [18 U.S.C. § 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). To secure pretrial detention, the government must establish either: (1) by clear and convincing evidence, that "no conditions other than detention will reasonably assure the safety of any other person and the community," *United States v. Simms*, 128 F. App'x 314, 315 (4th Cir. 2005) (citing 18 U.S.C. § 3142(f)(2)); or (2) by a preponderance of the evidence, that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings, *Stewart*, 19 F. App'x at 48. Ultimately, "[f]or pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *Stewart*, 19 F. App'x at 48.

In determining whether conditions of release can reasonably assure the safety of the community or the defendant's appearance at future court proceedings, the court considers: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including, among other things, the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings," and probation status at the time of the alleged offense; and (4) the nature and seriousness of the danger that the defendant's release would present to any person or the community. 18 U.S.C. § 3142(g).

**III.    ANALYSIS**

2

After a careful de novo review of the evidentiary record and the arguments of counsel, I agree with Judge Hunt's conclusion that there are simply no conditions of pretrial release that would reasonably assure Cleveland's appearance at trial. In addition to the reasons stated in Judge Hunt's detention order, Dkt. 13-2, the evidence presented at the December 18, 2025 hearing demonstrates that Cleveland is a serious flight risk and the proposed third-party custodian does not sufficiently address the Government's concerns.

First, new evidence demonstrates that Cleveland traveled extensively between the United States and other countries until July 2023, at which point he remained in Colombia for approximately three years. This pattern of conduct suggests that Cleveland was aware of ongoing criminal investigations in the United States and chose to remain abroad to avoid potential prosecution.

Second, evidence presented at the hearing indicates that Cleveland was not forthcoming during his interview for the Pretrial Services Report. Specifically, Cleveland appears to have materially understated the nature and extent of his business relationship with his mother. This lack of candor raises serious questions about Cleveland's credibility and the full extent of his financial resources.

Third, Cleveland's company Scalpa, Inc. became subject to a grand jury subpoena in 2022. Following various contempt proceedings, the Government continues to contend that Scalpa has not fully complied with court orders. While corporate non-compliance is distinct from personal non-compliance, Cleveland's role in Scalpa is relevant to assessing his respect for court authority and likelihood of appearing as required.

Finally, Cleveland proposes his father, Gary Rogers, as a third-party custodian. While Mr. Rogers is no doubt an upstanding member of the community, Mr. Rogers appears to have been

either willfully blind to Cleveland's alleged criminal conduct, or Cleveland successfully concealed his activities from his father. In either scenario, Mr. Rogers does not appear to possess the degree of knowledge about, or moral influence over, Cleveland necessary to prevent him from fleeing.

Considering and applying the factors laid out in 18 U.S.C. § 3142(g), I conclude that the Government has satisfied its burden of proving by a preponderance of the evidence that detention is necessary to reasonably assure the appearance of the defendant at future court proceedings.

## IV.    CONCLUSION

It is **ORDERED** that Cleveland's Motion to Revoke the Magistrate Judge's Detention Order and Request for Immediate Release with Conditions (Dkt. 31) is **DENIED** and the Detention Order is **AFFIRMED**.

Entered:  January 29, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

4